```
                                              FILED
                                           BILLINGS, MT

                                          2006 JAN 23 PM 1 00

            IN THE UNITED STATES DISTRICT COURT  PATRICK E. DUFFY, CLERK
                                              BY
              FOR THE DISTRICT OF MONTANA        _____
                                                   DEPUTY CLERK
                     BUTTE DIVISION
```

THREE CREEKS RANCH SOUTH, L.L.C., )
) Cause No. CV 02-36-BU-RWA
  Plaintiff/Counterdefendant,     )
                                  )    **FINDINGS AND RECOMMENDATIONS**
  vs.                             )    **OF UNITED STATES MAGISTRATE**
                                  )    **JUDGE**
DONALD R. RODEWALD and            )
DEENA J. RODEWALD, a married      )
couple, d/b/a WISCONSIN CREEK     )
RANCH,                            )
                                  )
  Defendants/Counterplaintiffs,   )
  and Third Party Plaintiffs,     )
                                  )
  vs.                             )
                                  )
THREE CREEKS RANCH II, L.L.C., and )
REID ROSENTHAL,                   )
                                  )
  Third Party Defendants.         )

This action comes before the Court on the following three questions:

> (1) Which party, if any, should be considered the successful litigant to this action, thereby entitling that party to attorney fees under the purchase and sale agreement that formed the basis for some, if not all, of the party's claims;
>
> (2) If the Rodewalds are entitled to fees, may Reid Rosenthal be held personally liable therefor; and
>
> (3) What is a reasonable attorney fee award.

-1-

**PROCEDURAL HISTORY**

If ever there was a case of much ado about nothing, this was it. After 3½ years of litigation resulting in 12 volumes of court records, the Court concluded that no party had presented a single substantive claim of any merit. The only question that remains is whether any party should be entitled to an award of attorney fees.

The action has its genesis in a failed attempt to purchase part of a ranch owned by the Rodewalds.[1] The complaint was originally filed by an entity calling itself 3 Creeks Ranch South of Wyoming, LLC. The Rodewalds appeared with a motion to dismiss, contending that no such entity existed. At the same time, plaintiff filed a motion for default judgment, followed by five motions to strike.

All of the motions were denied, and an amended complaint in the name of the present plaintiff, Three Creeks Ranch South, LLC, was filed. The amended pleading alleged claims of breach of contract, breach of the covenant of good faith and fair dealing, actual malice, actual fraud or deceit, constructive fraud or negligent misrepresentation, negligence, interference with business relations, unjust enrichment, and abuse of process. The majority of the claims stemmed from the installation of a power line on the Rodewalds' ranch by Three Creeks' managing member, Reid Rosenthal,

---

[1]The Court has outlined the underlying facts of the case in previous findings and recommendations and will not repeat them here in any great detail.

during the executory phase of the purchase and sales agreement. The abuse of process claim related to criminal proceedings that had been initiated against Rosenthal by the Madison County Attorney concerning the failure to obtain a permit for constructing the power line over a creek.

In response to the amended complaint, the Rodewalds filed counterclaims and a third-party complaint against Rosenthal and Three Creeks Ranch II, LLC, seeking a declaration that the power line constituted a trespass and a breach of the purchase agreement. The Rodewalds also asserted claims of fraud, constructive fraud or deceit, unjust enrichment, defamation, abuse of process, and malicious prosecution. Most of these claims, either directly or indirectly, concerned the installation of the power line. The remainder arose from the institution of this lawsuit.

Three Creeks and Rosenthal moved to dismiss the fraud, constructive fraud, abuse of process, and malicious prosecution claims. The Rodewalds conceded that the abuse of process and malicious prosecution causes of action were premature and the Court dismissed them. However, the Court denied the motion as to the fraud claims.

A preliminary pretrial conference was held, setting deadlines for discovery and motions. Shortly thereafter, the Rodewalds filed a motion for summary judgment on all counts of the amended complaint and that part of the counterclaim and third-party

complaint seeking a declaration of rights. Three Creeks countered with a motion for summary judgment on its fraud-based claims. Rosenthal moved for dismissal.

The Court granted summary judgment to the Rodewalds on Three Creeks' claims for abuse of process, negligence, unjust enrichment, malice, and any breach of contract claim predicated on facts occurring after the termination of the purchase agreement. The Court found that material questions of fact precluded dismissal of those aspects of Three Creeks' breach of contract and related claims concerning interference with the installation of the power line and therefore denied summary judgment on those claims.[2] The Court denied Three Creeks' and Rosenthal's motions in their entirety. The Court allowed Three Creeks to replead its fraud claims with particularity.

Three Creeks filed its second amended complaint, which restated claims regarding interference with the installation of the power line, but now also alleged that the Rodewalds had failed to disclose adverse material facts concerning the subject property, including the unsuitability of soils and the presence of old mining claims.

Rosenthal sought to file a claim for abuse of process, which

---

[2]But having forced the Court to rule on the merits of the power line claims and having forced the Rodewalds to incur attorney fees, Three Creeks then abandoned the claims. See discussion *infra* at 5.

was denied by the Court. The Rodewalds, in turn, sought to add a counterclaim against Three Creeks for filing a defective lis pendens. The Court struck that claim.

Another round of summary judgment motions ensued. The Rodewalds moved for summary judgment on all counts of the second amended complaint. Three Creeks failed to respond to any argument concerning the installation of the power line. In fact, Three Creeks simply abandoned all power-line related claims, the very claims that generated this action in the first place, and instead concentrated its arguments on the allegations concerning failure to disclose material defects in the property. Three Creeks failed, however, to introduce any evidence concerning these allegations. The Court accordingly granted the Rodewalds summary judgment on all claims in the second amended complaint. The Court also granted summary judgment to Three Creeks and Rosenthal on the Rodewalds' counterclaims and third-party complaint.

Thus, all substantive claims have been decided, leaving only the attorney fee issue before the Court.[3]

## DISCUSSION

**Successful Litigant.** In a diversity case such as this, the Court looks to state law to determine whether attorney fees are recoverable. *Michael-Regan Co. v. Lindell*, 527 F.2d 653, 656 (9th

---

[3] As lengthy as the above procedural history may appear, the Court has omitted the numerous discovery and other motions filed by parties and non-parties throughout this action.

Cir. 1975). In Montana, fees may be awarded only if a contract or a statute provides for fees. *Transaction Network, Inc. v. Wellington Tech., Inc.*, 7 P.3d 409, 413 (Mont. 2000).

Here, the purchase and sale agreement forming the basis of this lawsuit contained the following fee provision:

> In any litigation arising out of this agreement, the successful litigant shall be entitled to the costs and disbursements allowed by statute, including reasonable attorneys' fees to be fixed and determined by the court.

Agreement for Sale and Purchase, § XI.3.

This language is broad, giving the right to attorney fees to whichever party succeeds in "any litigation arising out of" the agreement. Thus, fees may be awarded for tort claims that arise out of the contract, as well as for claims for breach of contract. *See Lauderdale v. Grauman*, 725 P.2d 1199, 1200 (Mont. 1986)(awarding fees under an identical fee provision to defendants who successfully defended plaintiff's claim of fraud in a sale of commercial property).

The question here is which party, if any, is the successful litigant.[4] No party obtained any affirmative relief in the form of money damages or a declaratory judgment. This does not mean, however, that no party was successful. To the contrary, all parties were successful in defending the claims brought against them. In such a situation, the Court may determine that no party

---

[4] Three Creeks does not seek fees; the Rodewalds and Rosenthal do.

prevailed for purposes of attorney fees, *id.*, or it may determine that the party who prevailed on the main issue in controversy is entitled to fees. *Medhus v. Dutter*, 603 P.2d 669, 674 (Mont. 1979). In making this determination, the Court looks at the totality of the circumstances and facts in the case. *Doig v. Cascaddan*, 935 P.2d 268, 273 (Mont. 1997).

Here, two issues controlled the case: the Rodewalds' alleged breach of contract through interference with the installation of the power line and the Rodewalds' alleged breach of contract and fraudulent failure to disclose alleged environmental defects on the subject property. The parties focused their efforts on these claims and on these claims, the Rodewalds prevailed.[5]

Indeed, the Rodewalds asserted counterclaims and third-party claims stemming from the power line installation. However, the claims were defensive and collateral to Three Creeks' breach of

---

[5] Three Creeks' suggestion in its reply brief that there was never an adverse ruling on its power-line related contract claims is disingenuous at best. Three Creeks abandoned its power line related claims only after the Rodewalds filed their final motion for summary judgment on those issues. The Court ruled adversely to Three Creeks on the issue by granting the Rodewalds' motion for summary judgment.

Thus, unlike the situation in *Lauderdale*, 725 P.2d 1199, where defendants voluntarily dismissed their contract counter-claims prior to any litigation concerning the same, Three Creeks forced the Rodewalds to spend substantial time and money litigating the power line claims. Only after the Rodewalds filed the second motion for summary judgment on these issues did Three Creeks abandon its claims.

contract and fraud claims. The litigation on the whole concentrated on Three Creeks' claims, and it was Three Creeks that initiated this parody at the outset. The Rodewalds' causes of action were minor issues. Three Creeks' success in defending those claims is of little significance when compared to the Rodewalds' success in defeating Three Creeks' claims.

Rosenthal argues that because he obtained summary judgment in his favor on the third party action, he is the only successful litigant and is therefore entitled to fees. A review of the attorney fee affidavits and billing statements provided by Rosenthal, however, shows that the fees incurred in defending the claims against Rosenthal were lumped together with the prosecution and defense of Three Creeks' claims. There are no billings for Rosenthal separate and apart from billings for Three Creeks, and neither of them have made any attempt to diffentiate. Consequently, an award of fees to Rosenthal would be tantamount to an award of fees to Three Creeks. Three Creeks would ultimately suffer no detriment from perpetuating the mischief that is this action. Having viewed this case from its inception, and being fully familiar with its nuances, the Court cannot allow such an injustice to occur.

Furthermore, Rosenthal has not prevailed on all of the third party claims against him. At summary judgment, the Court declined to determine whether Rosenthal was personally liable under the

contract. As the Court will recommend adversely to Rosenthal on this subject, see discussion infra, he cannot be considered a successful litigant.

**Rosenthal's Personal Liability for Fees**. The parties agree that Rosenthal, by executing the subject purchase agreement as a Managing Member of "3 Creeks Ranch II, LLC, a Wyoming Limited Liability Company in formation, and/or assigns," was a promoter of the LLC. They disagree as to whether, as a promoter, he may be held personally liable for fees under the contract.

Under Montana law, "a corporation cannot be bound by contracts made in its behalf before it comes into existence." Kirkup v. Anaconda Amusement Co., 197 P. 1005, 1008 (Mont. 1921). Until the Secretary of State has issued a certificate of incorporation, the corporation "has no being, franchises or faculties." Id. A promoter, therefore, has no authority to enter into contracts on a corporation's behalf before formal incorporation. Id. The promoter consequently is personally liable on any such contract unless, after the corporation has come into being, "it accept[s] and agree[s] to the contract as its own *with understanding of the parties to release the original obligor*, or that it adopted, approved or agreed to carry out the terms and conditions of the contract in substitution of the original obligor, *agreed to by the parties to the original contract*." Id. at 1012. (emphasis added).

The reason for holding a promoter personally liable on a

contract, absent a novation or an agreement by the parties to the contract to look solely to the corporation for performance, was stated by the Supreme Court of Washington, which observed, "There is a 'strong inference that a person intends to make a present contract with an existing person.'" *Goodman v. Darden, Doman & Stafford Assoc.*, 670 P.2d 648, 651 (Wash. 1983)(quoting *White & Bollard, Inc. v. Goodenow*, 361 P.2d 571 (Wash. 1961)). The court explained:

> The fact that a contracting party knows that the corporation is nonexistent does not indicate any agreement to release the promoter. To the contrary, such knowledge alone would seem to indicate that [the contracting party] intended to make [the promoter] a party to the contract. They could not hold the corporation, a nonexistent entity, responsible and of course they would expect to have recourse against someone [the promoter] if default occurred.

*Id.* at 654.

These rules of law logically apply to limited liability companies as well as corporations. Like a corporation, a Montana limited liability company does not exist until articles of organization are filed with the secretary of state, §§ 35-8-201(2) and 35-8-206(1), MCA. Similarly, a Wyoming limited liability company, which plaintiff here purports to be, is considered legally organized upon the issuance of a certificate of organization. Section 17-15-109(a), WSA. Until that time, a Wyoming LLC "shall not transact business or incur indebtedness." Section 17-15-109(b), WSA.

As noted previously, Rosenthal signed the buy-sell agreement on December 16, 2000, as managing member of "3 Creeks Ranch II, LLC, a Wyoming Limited Liability Company in formation, and/or assigns." 3 Creeks Ranch II, however, was never formed, as its name was rejected by the Wyoming Secretary of State. Instead, on March 13, 2001, plaintiff here, Three Creeks Ranch South, LLC, came into existence when the Wyoming Secretary of State accepted the company for filing and registration.[6]

Accordingly, Three Creeks did not exist at the time of the buy-sell agreement. Rosenthal is therefore personally liable on the contract unless there is evidence of a novation between the Rodewalds and Three Creeks, *Kirkup*, or evidence that the Rodewalds agreed to look solely for to Three Creeks for performance, *Goodman*. There is no such evidence. Nothing in the contract indicates that Rodewalds would look to the unformed limited liability company for performance. Nor is there any evidence in the parties' course of dealings indicating that Rodewalds intended to release Rosenthal from personal liability. To the contrary, the Rodewalds have consistently maintained that Rosenthal is personally liable for this action.

Relying on *Stewart Realty Co. v. Keller,* 193 N.E.2d 179 (Ohio

---

[6]Three Creeks has maintained throughout this action that it was an assignee of 3 Creeks Ranch II. The Court now wonders how this could be. If 3 Creeks Ranch II never legally existed it had no power to assign the contract.

-11-

App. 1962), Rosenthal contends that he cannot be personally liable because (a) the Rodewalds knew from the face of the contract that the limited liability company was in formation only; and (b) he signed as a managing member, not individually. However, in *Stewart Realty*, the promoter "expressly declined to execute any contract naming him as a party individually." 193 N.E. 2d at 180. No such evidence exists in this case.

Furthermore, at the time Rosenthal signed as the managing member, no company existed. Rosenthal could not act in the capacity of a managing member before the company was formed. *See Kirkup*, 197 P. at 1008 (promoter cannot be treated as agent for nonexistent principal). Thus, Rodewald's attempt to insulate himself from personal liability by signing as a managing member is of no effect.

**Reasonable Fee Award**. In accordance with the Court's order of September 30, 2005, the Rodewalds submitted their affidavit of fees and expenses in which they seek fees in the amount of $103,110 and costs of $4,483.49. There has been no objection to the amounts claimed, and the Court finds them to be reasonable, both in the hourly rates claimed and the number of hours expended. Accordingly, the Rodewalds shall be granted their entire fee and cost request.

## CONCLUSION

The Court concludes that by prevailing on the main issues in

this litigation, the Rodewalds are the successful litigants. In accordance with the terms of the buy-sell agreement, they are therefore entitled to their attorneys fees and costs.

The Court further finds that Reid Rosenthal is personally liable for the Rodewalds' fees and costs. Rosenthal entered into the contract as a promoter for a non-existent limited liability company. Under Montana law, he is therefore liable on the contract.

Finally, the Court finds that the fees and expenses sought by the Rodewalds are reasonable, considering the circumstances of this convoluted and protracted litigation.

## RECOMMENDATIONS

In accordance with the foregoing, the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), **RECOMMENDS** that the Rodewalds' motion for fees and costs (doc. 284) be granted and Rosenthal's motion for fees and costs (doc. 291) be denied.

The Court further **RECOMMENDS** that judgement be entered in favor of the Rodewalds and against Reid Rosenthal personally in the amount of $103,110 in attorney's fees and $4,483.49 in costs, for a total award of $107,593.49.

The Court further **RECOMMENDS** that the Clerk of Court be directed to enter judgment in accordance with the above recommendations and in accordance with the orders of July 6, 2004

(doc. 178) and September 21, 2005 (doc. 285).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), Fed.R.Civ.P., the parties may serve and file written objections within 10 days of receipt of these findings and recommendations.

The Clerk of Court shall forthwith notify counsel of record of the making of these findings and recommendations.

Done and dated this \_\_\_23rd\_\_\_ day of January, 2006.

RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE

-14-